UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

BROWNSTONE INVESTMENT GROUP, LLC,    :

            Plaintiff,    :

   -against-    :

GORDON LEVEY,    :

            Defendant.    :

----------------------------------X    06 Civ. 0747 (VM)(HBP)

GORDON LEVEY,    :    REPORT AND
                      RECOMMENDATION
           Counterclaim and    :
           Third-Party
           Plaintiff,    :

   -against-    :

BROWNSTONE INVESTMENT GROUP, LLC,    :
DOUGLAS B. LOWEY, STEPHEN B.
LOWEY, BARRET NAYLOR and LOWEY    :
FAMILY INVESTMENT LLC,
                     :
           Counterclaim and
           Third-Party    :
           Defendants.
                     :
----------------------------------X


       PITMAN, United States Magistrate Judge,

       TO THE HONORABLE VICTOR MARRERO, United States District

Judge,


I.  Introduction

       Defendant and Counterclaim/Third-Party plaintiff Gordon

Levey ("Levey") moves to stay this action and to compel arbitra-

tion.  For the reasons set forth below, I respectfully recommend that Levey's motion be granted.

## II.  Facts

### A.  Background

Plaintiff and counterclaim/third party defendant Brownstone Investment Group LLC ("Brownstone") is a financial investment company and a broker-dealer registered with the National Association of Securities Dealers ("NASD") (Complaint ¶¶ 5-6).  Brownstone was organized by Lowey Family Investment LLC ("LFI") and by Douglas Lowey, individually and as member-manager of LFI (Complaint ¶ 5).  Douglas Lowey is a member-manager of Brownstone (Complaint ¶ 7).

Levey worked at Brownstone from 1997 until 2006 (Answer, Counterclaim, and Third-Party Complaint ("Third-Party Complaint") ¶ 10).  The status of Levey's position at Brownstone is at issue in this litigation -- Levey claims that he was at all times a member of Brownstone; Brownstone denies that Levey ever had a membership interest in the firm and was only an employee. It is undisputed that Levey developed and maintained a proprietary software system for Brownstone during his tenure at the firm.

On or about January 26, 2006, Levey tendered his resignation to Douglas Lowey and requested (1) payment for his

alleged ownership interest in Brownstone, at 10% of the company's value, and (2) the release of certain funds contained in a "capital account" maintained by Brownstone (Complaint ¶ 14, Third-Party Complaint ¶ 32).

      B.  <u>Litigation History</u>

      Brownstone commenced the present action for a declaratory judgment, injunctive relief, and damages on January 31, 2006, alleging that Levey had breached his fiduciary duty and misappropriated trade secrets by taking a copy of the source code to Brownstone's proprietary financial trading software with the intent to disclose it to competitors.

      On February 6, 2006, Brownstone moved for, <u>inter alia</u>, a preliminary injunction and expedited discovery.  On February 9, 2006, the Honorable Victor Marrero, United States District Judge, ordered that certain discovery be completed by February 16, 2006. Levey conducted depositions of Douglas Lowey's father Stephen Lowey and Brownstone employee Barret Naylor ("Naylor") on February 16, 2006, and Douglas Lowey on February 17, 2006.[1]  Brownstone deposed Levey on February 15, 2006.  On February 22, 2006, Levey filed a memorandum of law in opposition to Brownstone's motion for injunctive relief.

---

[1]The record does not disclose why the deposition of Douglas Lowey was conducted after the discovery deadline set by Judge Marrero.

On February 23, 2007, Levey filed an answer asserting counterclaims and third-party claims against Brownstone, Douglas Lowey, Steven Lowey, and LFI (collectively, the "Brownstone parties"), and Naylor.  Levey's answer raised thirteen affirmative defenses; his answer did not assert a right to arbitration.  Levey's counterclaim/third party complaint alleged, <u>inter</u> <u>alia</u>, (1) breach of contract by Brownstone for failing to pay money allegedly owed to Levey; (2) fraudulent misrepresentation by Douglas Lowey that Levey would have a membership interest in Brownstone, (3) conspiracy among Douglas Lowey, Steven Lowey, Naylor, and LFI to deprive Levey of his ownership interest in Brownstone, (4) breach of fiduciary duty by Douglas Lowey, and (5) conversion of the funds in Levey's capital account by Brownstone, Douglas Lowey, and LFI.

Brownstone filed a reply memorandum of law in support of its motion for injunctive relief on February 27, 2006.  After oral argument before Judge Marrero on March 3, 2006, the parties stipulated that Levey had either returned all programming information pertaining to the software in issue to Brownstone or had delivered the information to his attorneys, and that neither Levey nor his attorneys had provided or would provide any information concerning the software to any third parties.  The stipulation was "So Ordered" by Judge Marrero on March 22, 2006,

4

without prejudice to a future application by Levey for relief
from the stipulation and Order.

On April 7, 2006, Levey served the Brownstone parties
with twenty requests to admit, twenty interrogatories and sixty-
five document requests (Affirmation of Harry S. Davis, Esq.,
dated March 23, 2007 ("Davis Aff.") ¶ 9).  The Brownstone parties
responded to Levey's interrogatories and requests to admit on May
8, 2006,[2] and produced over 19,000 pages of documents in response
to Levey's document requests on August 10, 2006 (Davis Aff. ¶
10).  Brownstone completed a rolling production of approximately
25,000 pages of emails on December 1, 2006 (Davis Aff. ¶ 10).

In the interim, Naylor and Stephen Lowey filed motions
to dismiss the third-party complaints, and Brownstone, Douglas
Lowey, and LFI filed answers, all on April 14, 2006.  Levey filed
opposition papers to Barret Naylor's and Stephen Lowey's motions
to dismiss on May 12, 2006, along with an amended answer.  Like
his original answer, Levey's amended answer did not assert
arbitration as an affirmative defense.  Naylor and Stephen Lowey
filed reply memoranda in support of their motions to dismiss on
June 2, 2006.  I held conferences with the parties to resolve
discovery and scheduling issues on June 8, July 25, September 18,
and November 14, 2006.  In addition, the parties voluntarily

---

[2]The record does not disclose how many interrogatories were
actually answered and how many requests to admit were admitted.

5

engaged, unsuccessfully, in an extra-judicial mediation proceeding in August of 2006 (Declaration of Eric B. Fisher, Esq., dated March 23, 2007 ("Fisher Decl.") ¶ 9).

In addition to the depositions noted on Page 3 above, Levey conducted depositions of Michelle Halla (a Brownstone employee), Joanne Bartmess (Brownstone's financial operations officer), Fred Farkouh (Brownstone's outside accountant), and Thomas Boucher (a principal at a Brownstone competitor), on October 16, November 2, November 3, and November 6, 2006, respectively (Davis Aff. ¶ 11). Bartmess and Farkouh also produced over 1,000 pages of documents to Levey before their depositions (Davis Aff. ¶ 11). Levey also obtained documents from the NASD in December 2006 pursuant to subpoena (Davis Aff. ¶¶ 12, 17).

On December 14, 2006, Levey verbally expressed his intention to seek arbitration of this matter to the Brownstone parties and Naylor. Levey retained and substituted new counsel on December 18, 2006, and, by letter to Judge Marrero of the same date, requested permission to file an application for an order compelling arbitration of this matter before the NASD, explaining that his prior counsel had failed to advise him of his right to arbitration. Judge Marrero granted Levey's request on December 22, 2006, and referred the matter to the undersigned on January 12, 2007, to report and recommend concerning Levey's application to compel arbitration.

6

Meanwhile, by Decision and Order dated January 3, 2007, Judge Marrero dismissed both Levey's third-party claims against Stephen Lowey and his fraud claim against Naylor without preju-dice, but declined to dismiss Levey's claims against Naylor for a declaratory judgment and rescission.  Naylor submitted an answer on the remaining claims against him on January 18, 2007.

On February 28, 2007, Levey filed the present motion to stay this matter pursuant to the Federal Arbitration Act and compel arbitration before the NASD.  All remaining parties have submitted briefs concerning the issue.

### C.  The Parties' Arguments

In support of this motion, Levey argues that Brown-stone, as an NASD member firm, is required to arbitrate this dispute pursuant to the rules of the NASD and that the entire case, including all counterclaims and third-party claims, is subject to mandatory arbitration.  In response, the Brownstone parties and Naylor argue that Brownstone is not required to arbitrate any of the claims in this dispute and that Levey has waived any right he may have had to compel arbitration.[3]  Levey

---

[3]Levey also argues that compelling arbitration will avoid a potential defect that could arise in the Court's diversity subject matter jurisdiction if he is found to be a member of Brownstone.  Because there is no motion addressed to the Court's subject matter jurisdiction, I find that this issue is not ripe for adjudication.

also argues that his participation in the case is not sufficient
to waive his right to compel arbitration.

III.  <u>Analysis</u>

    A.  <u>Motion to Stay Pending Arbitration</u>

      "Through the [Federal Arbitration Act], Congress has
declared a strong federal policy favoring arbitration as an
alternative means of dispute resolution." <u>Bank Julius Baer &</u>
<u>Co., Ltd. v. Waxfield Ltd.</u>, 424 F.3d 278, 281 (2d Cir. 2005);
<u>e</u>.g. <u>Arciniaga v. Gen. Motors Corp.</u>, 460 F.3d 231, 234 (2d Cir.
2006); <u>MBNA Am. Bank, N.A. v. Hill</u>, 436 F.3d 104, 107 (2d Cir.
2006); <u>Denny v. BDO Seidman</u>, 412 F.3d 58, 68-69 (2d Cir. 2005).
"Consistent with [this] policy . . . , 'any doubts concerning the
scope of arbitrable issues should be resolved in favor of arbi-
tration, whether the problem at hand is the construction of the
contract language itself or an allegation of waiver, delay, or a
like defense to arbitrability.'" <u>Bank Julius Baer & Co., Ltd. v.</u>
<u>Waxfield Ltd.</u>, <u>supra</u>, 424 F.3d at 281, <u>quoting</u> <u>Moses H. Cone</u>
<u>Mem'l Hosp. v. Mercury Constr. Corp</u>, 460 U.S. 1, 24-25 (1983);
<u>e</u>.g. <u>Shaw Group Inc. v. Triplefine Int'l Corp.</u>, 322 F.3d 115, 120
(2d Cir. 2003); <u>Ace Capital Re Overseas Ltd. v. Cent. United Life</u>
<u>Ins. Co.</u>, 307 F.3d 24, 29 (2d Cir. 2002).

      Four factors are relevant to a motion to stay an action
pending arbitration:

A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

Oldroyd v. Elmira Sav. Bank, 134 F.3d 72, 75-76 (2d Cir. 1998), citing Genesco Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987). See also Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 121 (2d Cir. 1991); Bird v. Shearson Lehman/American Express, Inc., 926 F.2d 116, 118 (2d Cir. 1991).

Applying these four factors to this case compels the conclusion that a stay pending arbitration is appropriate.

### 1.   Existence of Arbitration Agreement

Levey's motion papers assert that an agreement to arbitrate exists; neither the Brownstone parties nor Naylor contest this assertion. Accordingly, I shall assume the existence of an arbitration agreement in this matter. The Brownstone parties and Naylor argue that Levey has waived any right he may have had to seek arbitration, however, through delay and by engaging in substantial litigation. They also argue that compelling arbitration at this juncture would cause prejudice.

The argument of the Brownstone parties and Naylor is unpersuasive. In view of the strong federal policy in favor of

9

arbitration, waiver of the right to arbitrate "is not to be lightly inferred." Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968); accord Leadertex v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995).  Rather, a waiver will be found only when the party against whom waiver is asserted has engaged in substantial litigation activity resulting in prejudice to the party asserting waiver.

> [A] party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party.  See Doctor's Assocs., [Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997)]; Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993); Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991). "[P]rejudice as defined by our cases refers to the inherent unfairness -- in terms of delay, expense, or damage to a party's legal position -- that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Doctor's Assocs., 107 F.3d at 134. . . .  Thus, we have found that a party waived its right to arbitration when it engaged in extensive pre-trial discovery and forced its adversary to respond to substantive motions, see Con-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574, 1576-77 (2d Cir. 1991), delayed invoking arbitration rights by filing multiple appeals and substantive motions while an adversary incurred unnecessary delay and expense, see Kramer, 943 F.2d at 179, and engaged in discovery procedures not available in arbitration, see Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1480 (2d Cir. 1993) (per curiam).
>
> Therefore, in determining whether [a party] has waived its right to arbitration, we will consider such factors as (1) the time elapsed from the commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice.

PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107
(2d Cir. 1997).  I shall address each of these factors in turn.

> a.  Time Elapsed from
>     Commencement of Litigation

Plaintiff commenced this action on January 31, 2006.
Levey did not assert arbitration as a defense in his answer or
amended answer.  Levey first expressed his intention to seek
arbitration on December 14, 2006 -- approximately ten and one-
half months later.  This delay is not, by itself, enough to infer
waiver.  See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d
114, 122 (2d Cir. 1991) (delay of over three years, standing
alone, is an insufficient basis on which to find waiver); Sweater
Bee by Banff, Ltd. v. Manhattan Indus., 754 F.2d 457, 461 (2d
Cir. 1985) (right to arbitrate not waived despite two year
delay).  Delay is not viewed in isolation, however, but rather
must be considered in conjunction with the amount of litigation
that occurred during the period of delay and any proof of
resultant prejudice.  See PPG Indus., Inc. v. Webster Auto Parts,
Inc., supra, 128 F.3d at 108.

> b.  Amount of Litigation

The parties in this matter engaged in substantial
litigation before Levey notified the Brownstone parties and

Naylor of his intention to seek arbitration of this dispute.
Levey had, among other things, filed counterclaims and third-
party claims, conducted seven depositions, served twenty requests
to admit, twenty interrogatories and sixty-five document
requests, and received over 44,000 pages of documents in
discovery.  These actions certainly pertained to substantial
issues going to the merits of this dispute, and, therefore, weigh
in favor of a finding of waiver.  See S & R Co. of Kingston v.
Latona Trucking, Inc., 159 F.3d 80, 84 (2d Cir. 1998) (filing of
counterclaims and extensive discovery requests may constitute
litigation pertaining to substantial issues going to the merits
that supports a finding of waiver); PPG Indus., Inc. v. Webster
Auto Parts, Inc., supra, 128 F.3d at 107 (engaging in discovery
and filing substantive motions may evidence a preference for
litigation that supports a finding of waiver).

        c.  Prejudice

          Although Levey's earlier conduct in the litigation is
inconsistent with his motion to compel arbitration, "there can be
no waiver unless that conduct has resulted in prejudice to the
other part[ies]."  Leadertex, Inc. v. Morganton Dyeing &
Finishing Corp., 67 F.3d at 26; see Cotton v. Slone, 4 F.3d 176,
180 (2d Cir. 1993) (requiring prejudice); Rush v. Oppenheimer &
Co., 779 F.2d 885, 887 (2d Cir. 1985) (same).  The Brownstone

12

parties and Naylor have not demonstrated the prejudice that is required for a finding of waiver.

The Browstone parties and Naylor first argue that they will be prejudiced if this dispute proceeds to arbitration because Levey has utilized discovery procedures that are not available in arbitration.  Prejudice may result when a party seeking to compel arbitration engages in, and secures the benefits of, discovery procedures not available in arbitration. See Cotton v. Slone, supra, 4 F.3d at 180 (finding prejudice where party "secured for himself the benefits of pretrial discovery that is often unavailable in an arbitral forum"); Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1480 (2d Cir. 1993) (per curiam) (finding prejudice where party obtained "benefits of discovery that it most likely would not otherwise have been entitled to in arbitration").  Prejudice does not occur, however, where the party seeking to compel arbitration "obtain[s] no facts in discovery that would have been unavailable in arbitration." Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., supra, 67 F.3d at 26.

Here, Levey received thousands of pages of document discovery, conducted depositions of seven individuals, and obtained sworn responses to interrogatories and requests to admit.  With respect to the documentary evidence obtained by

13

Levey, the Brownstone parties and Naylor concede that document discovery is available in NASD arbitration, but assert that the scope of such discovery is narrower than that available under the Federal Rules of Civil Procedure.  The Brownstone parties and Naylor fail to identify, however, any documents obtained by Levey that would have been unavailable under the NASD discovery rules. Similarly, the Brownstone parties and Naylor assert that depositions are not available in NASD arbitration, but fail to identify any information obtained by Levey through the depositions that would have been unavailable in NASD arbitration. The Brownstone parties and Naylor make no claim that interrogatories and requests to admit, or the information that Levey received in response thereto, would be unavailable in NASD arbitration.  Because the Brownstone parties and Naylor have not identified any benefits or information produced in discovery that would have been unavailable to Levey in an arbitral forum, they have not demonstrated any prejudice.  See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., supra, 67 F.3d at 26.[4]

---

[4]The Brownstone parties and Naylor attempt to distinguish the facts in this case from those in Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., supra, 67 F.3d at 20, on the ground that the party seeking to compel arbitration in Leadertex obtained virtually no significant information at all through discovery, whereas Levey has obtained voluminous information. This distinction is not compelling, however, in light of PPG Indus., Inc. v. Webster Auto Parts, Inc., supra, 128 F.3d 109-10, where the Second Circuit expressly declined to decide whether the volume of discovery, by itself, is a sufficient basis for establishing prejudice.  The Brownstone parties and Naylor have

The Brownstone parties and Naylor next argue that they have incurred unnecessary expense in connection with responding to discovery requests and litigating this case because of Levey's delay in seeking arbitration.  While prejudice may result "when a party . . . delays invoking arbitration rights while the adversary incurs unnecessary delay or expense," Cotton v. Slone, supra, 4 F.3d at 179, "pretrial expense and delay[,] without more, do not constitute prejudice sufficient to support a finding of waiver."  Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., supra, 67 F.3d at 26; see Crysen/Montenay Energy Co. v. Shell Oil Co., 226 F.3d 160, 163 (2d Cir. 2000) ("Incurring legal expenses inherent in the litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver."); Rush v. Oppenheimer & Co., supra, 779 F.2d at 87-88 (pre-trial expense and delay insufficient to support waiver). The Brownstone parties and Naylor have not shown that they incurred any extraordinary expenses in responding to Levey's discovery requests or otherwise conducting this litigation. Accordingly, they are unable to demonstrate prejudice on this ground either.

---

not cited, nor has my research revealed, any authority to suggest that the amount of information obtained by Levey is, in itself, sufficient to demonstrate prejudice, without a showing that at least some of this information would have been unavailable in arbitration.

Last, the Brownstone parties and Naylor argue that their legal positions would be substantially prejudiced if this case is allowed to proceed to arbitration because Levey would be able to relitigate claims against Stephen Lowey and Naylor which Judge Marrero recently dismissed.[5]  Prejudice may be found where "damage to a party's legal position . . . occurs [because] the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue," Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997), or where "a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration." Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991).  Here, however, it is difficult to understand how either Stephen Lowey or Naylor would be prejudiced by the arbitration of this dispute, since Judge Marrero dismissed Levey's claims against them without prejudice.[6]  Accordingly, the

---

[5]The Brownstone parties also argue that Levey's claims against Stephen Lowey were not, and are not, eligible for NASD arbitration.  This argument is puzzling, however, because, if the claims against Stephen Lowey are not eligible for arbitration, it is difficult to see how granting the present motion would cause any substantive prejudice to his legal position.

[6]The Brownstone parties also argue that compelling this dispute to arbitration would enable Levey to evade the requirement of Fed.R.Civ.P. 15(a) that he obtain leave of court in order to replead his claims against Stephen Lowey.  This argument is unavailing, however, given that Fed.R.Civ.P. 15(a) does not impede Levey's ability to commence a new action against Stephen Lowey.  Accordingly, since Levey can avoid the minimal requirements of Fed.R.Civ.P. 15(a) by simply commencing a new action against Stephen Lowey, there is no substantive difference in Stephen Lowey's legal position whether the dispute proceeds

Brownstone parties and Naylor are unable to demonstrate such substantive prejudice to their legal positions as to justify a finding of waiver.[7]

    d.  <u>Summary</u>

Although the relevant factors not line up with absolute uniformity, I find that the Brownstone parties and Naylor have not demonstrated the existence of facts sufficiently weighty to overcome the strong federal policy in favor of arbitration. Accordingly, I conclude that Levey has not waived his right to compel arbitration of this matter.

    2.  <u>Scope of the Arbitration Agreement</u>

The parties disagree as to the scope of the NASD Code of Arbitration.  Levey asserts that all claims and parties in

---

here or in arbitration.

    [7]The Brownstone parties and Naylor further assert that compelling this matter to arbitration would enable Levey to evade an obligation to reimburse the Brownstone parties and Naylor for costs in the event that Levey obtains a judgment less favorable than the Fed.R.Civ.P. 68 Offer of Judgment served on Levey on September 19, 2006 by the Brownstone parties and Naylor.  The Brownstone parties and Naylor cite no authority, and my own research reveals no authority, to support the proposition that the existence of an offer of judgment is sufficient to result in a waiver of the right to arbitration.  Accordingly, I find this argument to be without merit.

this litigation are subject to mandatory NASD arbitration.  The
Brownstone parties argue that the claims and counterclaims
between Brownstone and Levey, though eligible for NASD
arbitration, are not subject to mandatory arbitration, that
Levey's claims against LFI are not eligible for NASD arbitration
at all, and that Brownstone's application for preliminary
injunction was not "susceptible" to NASD arbitration.

The NASD Code of Arbitration provides in pertinent
part:

10101.  Matters Eligible for Submission

This Code of Arbitration Procedure is prescribed
and adopted . . . for the arbitration of any dispute,
claim, or controversy arising out of or in connection
with the business of any member of the Association, or
arising out of the employment or termination of
employment of associated person(s) with any member . .
. . :

(a) between or among members;

(b) between or among members and associated persons . .
. .

. . . .

10201.  Required Submission

(a) [A] dispute, claim, or controversy eligible for
submission under [Rule 10101] between or among members
and/or associated persons, and/or certain others,
arising in connection with the business of such
member(s) or in connection with the activities of such
associated person(s), or arising out of the employment
or termination of employment of such associated
person(s) with such member, shall be arbitrated under
this Code, at the instance of:

(1) a member against another member;

18

>     (2) a member against a person associated with a member
>     or a person associated with a member against a member;
>     and
>
>     (3) a person associated with a member against a person
>     associated with a member.

NASD Code of Arbitration, Rules 10101, 10201.

Levey asserts, and the Brownstone parties do not contest, that Levey is an "associated person" within the meaning of Section 10101, and that the instant dispute arises out of his employment or termination of employment with Brownstone. Thus, Brownstone's claims against Levey, and Levey's counterclaims against Brownstone, are eligible for NASD arbitration.

Similarly, neither the Brownstone parties nor Naylor dispute that Levey's third-party claims against Douglas Lowey and Naylor are arbitrable as disputes between or among members and associated persons. See McMahan Sec. Co. v. Forum Capital Mkts., 35 F.3d 82, 87 (2d Cir. 1994) (defining associated person as "every . . . partner, officer, director, . . . or any natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by such member"), quoting NASD Manual ¶ 1101(m).

The Brownstone parties challenge only whether the claims, counterclaims, and third-party claims among the parties are subject to mandatory arbitration under NASD Code of Arbitration Rule 10201. The Brownstone parties argue that, under NASD Code of Arbitration Rule 10201, arbitration is only

mandatory "at the instance" of either a member or a person associated with a member, against a member or a person associated with a member, and that, because none of the parties here have submitted any of the claims to NASD arbitration, arbitration is not mandatory. This reasoning is unpersuasive. Given that Levey has not waived his right to arbitration, his present motion to compel arbitration would appear to be precisely the type of "instance" which would trigger the application of Rule 10201 and render arbitration mandatory. Accordingly, I conclude that the claims and counterclaims between Brownstone and Levey, as well as the third-party claims against Douglas Lowey and Naylor, are subject to mandatory arbitration under the NASD Code of Arbitration.

Levey also argues that his third-party claims against LFI are arbitrable because LFI is a "certain other" subject to mandatory arbitration under NASD Code Rule 10201. This argument lacks merit. The Second Circuit has defined the term "certain other" as an individual who "plays an active role in the securities industry, is a signatory to a securities-industry arbitration agreement (or is an instrument of another party to the arbitration), and has voluntarily participated in the particular events giving rise to the controversy underlying the arbitration." McMahan Sec. Co. v. Forum Capital Mkts., supra, 35 F.3d 88. Here, the Brownstone parties assert that LFI does not

play an active role in the securities industry, and Levey neither argues, nor offers evidence, to the contrary.  Accordingly, I conclude that LFI is not a "certain other" under NASD Code Rule 10201, and, therefore, Levey's third-party claims against LFI are non-arbitrable.[8]

Brownstone's argument that its initial application for a preliminary injunction was not susceptible to arbitration is unavailing.  Since Brownstone's claim for preliminary injunctive relief was resolved by stipulation between the parties, this issue is moot at this time and not germane to the present motion.

### 3.  Number of Claims Subject to Arbitration[9]

Because LFI is joined in this matter only by virtue of its ownership interest in Brownstone rather than any active

---

[8]The parties also briefly address the issue of whether Levey's claims against Stephen Lowey are arbitrable.  However, because all of Levey's claims against Stephen Lowey have been dismissed and there are no claims currently pending against Stephen Lowey in this dispute, there is no need to address this argument.

[9]Because there are no claims for federal statutory relief in this action, it is not necessary to address the third prong of Oldroyd v. Elmira Sav. Bank, supra, 134 F.3d 72, 75-76 (2d Cir. 1998).

participation in the conduct underlying the dispute, LFI's liability will likely be derivative of Levey's claims against Brownstone.  Accordingly, the stay of this proceeding should extend to Levey's third-party claim against LFI for reasons of judicial economy and to avoid inconsistent results.

   4.   Summary

   Since all relevant factors weigh in favor of arbitration, I recommend that Levey's motion to stay this matter and to compel arbitration be granted.

IV.  Conclusion

   For all the foregoing reasons, it is respectfully recommended that Levey's motion to stay this action and to compel arbitration be granted.

V.  Objections

   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.  See also Fed.R.Civ.P. 6(a) and 6(e).  Such objections (and responses thereto) shall be filed with the Clerk

22

of the Court, with courtesy copies delivered to the chambers of
the Honorable Victor Marrero, United States District Judge, 500
Pearl Street, Room 660, New York, New York 10007, and to the
chambers of the undersigned, 500 Pearl Street, Room 750, New
York, New York 10007.  Any requests for an extension of time for
filing objections must be directed to Judge Marrero.  FAILURE TO
OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS
AND WILL PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140
(1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054
(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.
1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         June 12, 2007

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Harry S. Davis, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Eric B. Fisher, Esq.
Morgenstern Jacbos & Blue, LLC
885 Third Avenue
New York, NY 10022

Michael Schwartzberg, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 1006