```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
BROWNSTONE INVESTMENT GROUP, LLC,  :
                                   :
                   Plaintiff,      :
                                   :        06 CV 0747 (VM)
         -against-                 :
                                   :        DECISION AND ORDER
GORDON LEVEY,                      :
                                   :
                   Defendant.      :
---------------------------------X
GORDON LEVEY,                      :
                                   :
         Counterclaim and          :
         Third-Party Plaintiff,    :
                                   :
         -against-                 :
                                   :
BROWNSTONE INVESTMENT GROUP, LLC,  :
DOUGLAS B. LOWEY, STEPHEN B. LOWEY,:
BARRET NAYLOR, and LOWEY FAMILY    :
INVESTMENT LLC,                    :
                                   :
         Counterclaim and          :
         Third-Party Defendants.   :
---------------------------------X
```

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: 9-17-07          │
└─────────────────────────────┘
```

**VICTOR MARRERO, United States District Judge.**

## I.  BACKGROUND

Plaintiff and counterclaim/third-party defendant Brownstone Investment Group, LLC ("Brownstone") brought this action against defendant and counterclaim/third-party plaintiff Gordon Levey ("Levey") for injunctive relief and damages, asserting claims against Levey of breach of judiciary duty and misappropriation of trade secrets.  Levey filed an answer alleging various affirmative defenses and counterclaims against Brownstone and third-party defendants Douglas B.

Lowey, Stephen B. Lowey and Lowey Family Investment LLC (collectively referred to as "Brownstone"). Levey also asserted a third-party action against third-party defendant Barret Naylor ("Naylor") (Brownstone and Naylor collectively referred to as "Defendants"). Levey's pleadings in these actions did not assert a right to arbitration. Following substantial pretrial discovery motion practice, Levey substituted counsel and at that point, approximately ten and one half months after the commencement of this case, notified Brownstone that he would seek arbitration before the National Association of Securities Dealers ("NASD"). Claiming that prior counsel had failed to advise him of his right to arbitration, Levey then sought an order from this Court to compel arbitration and stay this litigation.

By Order dated June 12, 2007, Magistrate Judge Henry B. Pitman, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report") finding that Levey had not waived his right to arbitration and that Defendants would not be prejudiced by submitting the dispute to arbitration at this point. Accordingly, the Report recommends that Levey's motion to stay this action and compel arbitration be granted. Brownstone and Naylor separately filed timely objections to the Report challenging its findings and conclusions. For the reasons

2

stated below, the Court adopts the recommendation of the
Report in its entirety.

## II. **STANDARD OF REVIEW**

A district court evaluating a Magistrate Judge's report
may adopt those portions to which no "specific, written
objection" is made, as long as the factual and legal bases
supporting the findings and conclusions set forth in those
sections are not clearly erroneous or contrary to law. See
Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149
(1985); Greene v. WCI Holding Corp., 956 F. Supp. 509, 513
(S.D.N.Y. 1997). "Where a party makes a 'specific written
objection ... after being served with a copy of the
[magistrate judge's] recommended disposition,' however, the
district court is required to make a de novo determination
regarding those parts of the report." Cespedes v. Coughlin,
956 F. Supp. 454, 463 (S.D.N.Y. 1997) (citing United States v.
Raddatz, 447 U.S. 667, 676 (1980)). The Court is not required
to review any portion of a Magistrate Judge's report that is
not the subject of an objection. See Thomas, 474 U.S. at 149.
A district judge may accept, set aside, or modify, in whole or
in part, the findings and recommendations of the Magistrate
Judge as to such matters. See Fed. R. Civ. P. 72(a); DeLuca
v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. **DISCUSSION**

3

Having conducted a de novo review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying motion and arguments in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendation made in the Report are warranted.

Defendants' primary objection is that the Report erred in finding that a waiver of Levey's right to arbitration had not occurred here, despite Levey's having engaged in substantial litigation and his delay of over ten months in seeking arbitration, because Defendants had not demonstrated that they would be seriously prejudiced if the underlying dispute were to proceed to arbitration at this stage. Defendants allege that Magistrate Judge Pitman misread or misapplied the standard for a showing of prejudice and erroneously concluded that Defendants had not shown that they had incurred any extraordinary expenses in conducting the litigation. Defendants argue that in fact they suffered prejudice because Levey, having failed to invoke his right to arbitration while Defendants incurred unnecessary delay and expense, took advantage of extensive litigation discovery procedures not available in NASD arbitration, including depositions and document production from parties and non-parties. See S&R Co.

4

of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998); Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25-27 (2d Cir. 1995); Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993); Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P., 49 F. Supp. 2d 331, 340 (S.D.N.Y. 1999).

The Court finds insufficient merit in these arguments. As an initial matter, any analysis of an arbitration dispute must be placed in its proper framework, which Defendants ignore: the strong presumption in favor of arbitration, and correspondingly against a finding of waiver, created by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. See Leadertex, 67 F.3d at 25 ("Whether or not there has been a waiver is decided in the context of the case, with a healthy regard for the policy of promoting arbitration."). That presumption compels that any doubts be resolved in favor of arbitration. See id. (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)(declaring that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense or arbitrability")); see also Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002); Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985).

5

As the Report acknowledges, Levey's delay of more than ten months in seeking arbitration is insufficient by itself to support a finding of waiver. See Report at 11 (citing Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir. 1991)). Rather, the weight of delay as a consideration in a court's assessment of a claim of waiver, as the Report also correctly noted, must be viewed in relation to the amount of litigation that has occurred and any resulting actual prejudice. See Leadertex, 67 F.3d at 25; see also PPG Indus. v. Webster Auto Parts, Inc., 128 F.3d 103, 108 (2d Cir. 1997).

Concerning the issues of how much litigation the parties have already pursued and alleged prejudice stemming from it, including expenses Defendants have incurred, the Court is not persuaded that the circumstances warrant a finding of waiver. First, Brownstone's objections are seriously undermined by its own actions.   It was Brownstone that chose to commence declaratory judgment litigation in this Court and to pursue it as aggressively as it has.  Among other remedies, Brownstone sought a preliminary injunction and expedited discovery, including some of the same depositions which it is now raising as grounds for its prejudice and using as a weapon against Levey. When these claims for relief were filed, this Court sought to discourage them as premature or not warranting extraordinary judicial intervention and urged the parties to

6

pursue consensual means by which Defendants' request for preliminary relief could be more readily resolved.

This consideration assumes greater significance taking into account that the parties' underlying dispute was clearly arbitrable from the start under their agreement. Arbitration is a two-way street, an alternative dispute resolution procedure presumably open to either party bound by an agreement, and that each can invoke as appropriate. Having commenced this suit to resolve claims that could have been properly asserted in arbitration, Brownstone cannot now seek to lay at Levey's doorstep alone the full weight of Brownstone's litigation expenses and claim resulting prejudice, a large measure for which Brownstone itself may be responsible. When the litigation commenced, Levey responded in a manner it had a right to: by opposing extraordinary injunctive relief and mounting a defense through an answer with affirmative defenses, counterclaims and cross-claims. See Rush, 779 F.2d at 889 (defendants' filing a motion to dismiss, engaging in discovery and then answering the complaint after an eight-month delay in seeking arbitration was not sufficient to constitute waiver). Moreover, as the Second Circuit has made clear, "pretrial expense and delay -- unfortunately inherent in litigation -- without more, do not constitute prejudice sufficient to support a finding of waiver."

7

Leadertex, 67 F.3d at 26.

Second, the Court has considered that, whatever the extent of pretrial proceedings that have taken place to date, discovery is far from complete and the case is still a long way from being ready for trial. See Leadertex, 67 F.3d at 25 ("The proximity of a trial date when arbitration is sought is also relevant."). Indeed, Brownstone complains about an alleged imbalance in the amount of discovery taken to date, which it claims favors Levey, and that if the matter were now to go to arbitration, Brownstone would be denied an opportunity to move for summary judgment. These arguments confirm the extensive amount of litigation yet ahead if the action remained before this Court. Thus, Defendants' argument would stand the notion of actual prejudice on its head. For it essentially ascribes prejudice to their being deprived of a full opportunity to bring about even more prejudice upon themselves than what they here claim they have already suffered. In effect, Defendants seek to finish litigation in this forum and thereby incur what probably would be greater delay and expense than they would experience if the parties were to commence arbitration now, making use, as appropriate, of the record created in this action.

In this connection, the Court takes note that to pursue this litigation to full resolution would entail completing the

8

substantial amount of discovery Defendants point out is still outstanding -- even considering discovery demanded by their side alone -- then the briefing and resolution of the dispositive motions they object to being divested of the occasion to file, and possibly trial, with potential additional motions, pre- and post-trial (not to mention the prospect of additional requests for reconsiderations and appeals). This process, if so carried to conclusion, could extend well in excess of two years. By contrast, proceeding promptly to arbitration on a leaner record, much of which could be based on materials already created in discovery to date, might enable the parties to reach the merits of the dispute much sooner. Weighing the posture of the action at this stage, the Court considers that granting the motion to compel arbitration would serve not only a central goal of the FAA to promote more expeditious and economical resolution of disputes, but also the statute's overriding purpose "'to ensure judicial enforcement of privately made agreements to arbitrate.'" Rush, 779 F.2d at 888 (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985)).

On this basis, the Court cannot credit Defendants' objections and claims of prejudice by reason of delay and costs. For, given the status of pre-trial proceedings at this point, this case does not reach the level of prejudice

9

grounded on the amount and delay and pre-trial proceedings completed that the Second Circuit has held sufficient to warrant a finding a waiver of arbitration. The standard was reinforced by the Circuit Court in Shearson. There, the court, finding no waiver where the parties were involved in litigation for over three years before an arbitration right was asserted, noted that "[i]n Rush, where the defendants participated in eight months of litigation, took extensive discovery, and brought a motion to dismiss before invoking the arbitration clause, we held there was no waiver because the expense and delay of eight months of litigation was not sufficiently prejudicial." 944 F.2d at 122 (citing Rush, 779 F.2d at 887). By contrast, the Second Circuit found sufficient basis for waiver under much more compelling circumstances in Leadertex, where defendant's claim to compel arbitration was made "[o]nly at the eleventh hour, with trial imminent," and after the completion of discovery and the filing of a summary judgment motion. See 67 F.3d at 24, 26. Similarly, a finding of waiver was affirmed in S&R, where, among other considerations, the right to arbitrate was invoked "on the eve of trial" and after the party seeking arbitration had actively participated in litigation for fifteen months, including filing a motion to dismiss. 159 F.3d at 83; see also Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938

10

F.2d 1574, 1577-78 (2d Cir. 1991) (waiver found where the party seeking to compel arbitration participated in eighteen months of litigation, including dispositive motions, and sought arbitration by motion four months prior to the date set for trial); Demsey & Assocs., Inc. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir. 1972) (litigation prior to assertion of arbitration request included full trial on the merits).

With regard to whether prejudice to Defendants arose from the discovery that has occurred in the action to date, specifically whether Levey has obtained any discovery in litigation through procedures not available in arbitration, the Court finds Defendants' objections unconvincing. As this Court reads Leadertex, Magistrate Judge Pitman did not misread or misapply relevant Second Circuit doctrine. The Magistrate Judge's application of the test was especially proper in the light of other pertinent Second Circuit case law. See S&R, 159 F.3d at 84; PPG, 128 F.3d at 109; Shearson, 944 F.2d at 122; Rush, 779 F.2d at 888.

The Report cites Leadertex for the proposition that prejudice does not occur where the party seeking to compel arbitration "'obtain[s] no facts in discovery that would have been unavailable arbitration.'" (Report at 13 (quoting Leadertex, 67 F.3d at 26).) It then found that Defendants had not demonstrated prejudice because they failed to identify any

11

specific documents or information obtained through depositions that Levey acquired in discovery that he would not have been able to obtain in NASD arbitration. Brownstone argues that the language quoted by the Report was not a statement of a legal standard for prejudice, but rather an observation by the Circuit Court about a matter that both parties there had acknowledged. See Leadertex, 67 F.3d at 26. Three other aspects of Leadertex provide further guidance that refute Brownstone's contention. First, while the Circuit Court makes reference to the parties' acknowledgment that the defendant invoking arbitration had obtained no facts in discovery that would have been unavailable in arbitration, in the sentence immediately preceding that remark the Circuit Court asserted that: "Although Morganton did pursue various avenues of discovery, it does not follow that Leadertex was prejudiced." Id. (emphasis added). Second, in the sentence that immediately follows that statement, the court reiterated that "[s]ince it has divulged no significant information in discovery, the only prejudice Leadertex can claim is the expense and delay inherent in the procedure .... Waiver may not therefore stand firmly on defendant's use of discovery." (Id.) And third, the form of actual prejudice the court did find sufficient stemmed not from the duration, expense, or procedures of the litigation that had occurred, but from

12

economic harm Leadertex's business suffered because its goods were being held from sale unnecessarily during the period of delay and litigation.

These considerations suggest that, regardless of how it is established that the party seeking arbitration has obtained no special benefit from the information acquired through litigation discovery -- whether because the parties affirmatively so stipulate, or because, as here, the party opposing arbitration is unable to identify specific information obtained by the adversary through discovery that supports the opponent's claim of prejudice -- the Leadertex Court attached weight to that consideration in determining that sufficient prejudice to Leadertex could not be grounded on this basis alone. The basis for this factor seems clear. If the party asserting waiver of arbitration cannot convincingly demonstrate some unique or material way in which it would be placed at a substantial disadvantage by reason of the discovery taken in litigation -- other than delay or expense with nothing more -- it is difficult to justify a determination that the opposing party has suffered sufficient prejudice. In any event, on this point Leadertex merely confirms what the relevant case law already holds. See S&R, 159 F.3d at 84 (citing Rush for the proposition that "no prejudice where party opposing arbitration could point to no

13

specific discovery that was not relevant to non-arbitrable claims"); PPG, 128 F.3d at 109 (noting that the party opposing arbitration "has not specified ... what portion of the ... information [obtained by the other party through litigation] ultimately would be unavailable in the arbitral forum").

Moreover, the Leadertex Court's statement on the same issue simply reaffirms existing law in another respect: that the issue of waiver "is fact-specific and there are no bright-line rules" to determine the prejudice component of the inquiry. S&R Company, 159 F.3d at 83 (citing Leadertex, 67 F.3d at 25). Under these circumstances, that Defendants could point to no specific documents or other information Levey had obtained through litigation discovery that he would not be able to acquire in arbitration constitutes but one factor that in this case could properly support a finding that Defendants have not sufficiently demonstrated actual prejudice from proceeding to arbitration despite the litigation that has occurred to date.

But whether or not this consideration is deemed sufficient here to determine the prejudice element of the waiver issue, the Court cannot endorse the more expansive reading of case law that Brownstone advances. Brownstone argues that because Levey engaged in extensive discovery through litigation procedures unavailable in arbitration, that

14

circumstance "is sufficient, in and of itself, to establish prejudice as a matter of law under Second Circuit precedent regardless of the substance of the underlying facts that he learned as a result of that pretrial discovery." (Plaintiff and Counterclaim Defendant Brownstone Investment Group, LLC and Third-party Defendants Douglas B. Lowey and Lowey Family Investment LLC's Memorandum of Law in Support of Its Objections to the Report and Recommendation of Magistrate Judge Harry B. Pitman, dated June 12, 2007, dated July 16, 2007, at 18.)   In support of this proposition, Brownstone cites language from cases stating that "prejudice results 'when a party seeking to compel arbitration engages in discovery procedures not available in arbitration ....'" S&R Company, 159 F.3d at 83-84 (quoting Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993)); see also PPG Indus. Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 109 (2d Cir. 1997); Zwitserse Maatschappij van Levensverzekering en Lijfrente, N.V. v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1479 (2d Cir. 1993).

But the language cannot be read as universal dogma, or as a rule to be applied in isolation of other facts.   The very same cases also counsel that the waiver inquiry is fact-specific, in that it depends on the facts of each case, and cannot be determined by any one bright-line test.   See S&R, 159 F.3d at 83; PPG, 128 F.3d at 108; Leadertex 67 F.3d at 25.

15

None of these cases stands for the proposition, as Brownstone urges, that a finding of prejudice may automatically or categorically follow by mere reason of the party engaging in litigation discovery, in and of itself. Leadertex explicitly says as much in the Circuit Court's remark that although the district court had found prejudice because the defendant had taken advantage of the liberal discovery procedures available under the federal rules before seeking arbitration, and that the district court's finding was not clearly erroneous, "whether [it] was sufficient to effect a waiver requires further analysis." 67 F.3d at 26. Upon such further inquiry the Circuit Court then specifically declared that, despite defendant's having engaged in substantial discovery, "waiver may not ... stand firmly on defendant's use of discovery." Id.

More significantly, in each of these cases, the prejudice the Circuit Court upheld was grounded on some unique circumstance that derived from the extent of the litigation that had occurred and included the discovery taken as just one element for consideration, rather than resting on the mere occurrence of the discovery alone. A common thread that emerges from the cases in which waiver was found where a party who sought arbitration had previously engaged in extensive litigation is an aspect that smacks of deliberate conduct or bad faith designed to secure a substantial benefit at the

16

expense of the other party. This circumstance occurs, for example, to the extent that the party invoking arbitration purposely and unfairly avails itself of judicial resources and uses the results of those proceedings to gain an advantage that results in substantial prejudice to the opponent. The scope of the judicial proceedings that occur, including the amount of discovery and litigation of substantial issues going to the merits, may then enable that party to acquire special insight concerning the viability of its claims that may persuade it to switch course, taking a chance to start anew in another forum. See Rush, 779 F.2d at 890 (referring to an instance in which "'a party sensing an adverse court decision [is, in effect, allowed] a second chance in another forum'") (quoting Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union, 671 F.2d 38, 43 (1st Cir. 1982)). In these situations the opponent consequentially suffers unique material harm, or is compelled detrimentally to alter his position, or finds its options substantially foreclosed. See, e.g., S&R, 159 F.3d at 84 (parties seeking arbitration engaged in extensive litigation pertaining to "substantial issues going to the merits" and thus obtained a benefit from information they would not be able to acquire in arbitration (quoting Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 457 (2d Cir. 1995), aff'd in part, rev'd in part, 107 F.3d 126 (2d

17

Cir. 1997))); Zwitserse, 996 F.2d at 1479 (noting that "in
certain circumstances a party initiating judicial proceedings
may waive its right to arbitration ... when [that] party has
unfairly used litigation prior to commencing arbitration in a
way that might prejudice the opposing party") (citing Rush,
779 F.2d at 887)); Doctor's Assocs., 107 F.3d at 134
("[P]rejudice as defined by our cases refers to the inherent
unfairness -- in terms of delay, expense, or damage to a
party's legal position -- that occurs when the party's
opponent forces it to litigate an issue and later seeks to
arbitrate that same issue.").

Reflecting the foregoing principle, in Cotton, the court
found decisive that the defendant had fully litigated to
judgment in court, made several motions, including a motion
for summary judgment, and failed to take an appeal under the
Federal Arbitration Act of the denial of a motion to compel
arbitration. See 4 F.3d at 179-80. In PPG, the defendant
similarly litigated one action to completion and filed
substantive motions before requesting arbitration in a related
action based on the same facts; the defendant likewise failed
to take an appeal of a motion to compel arbitration, but
continued to litigate after the opportunity to appeal had
passed. See 128 F.3d at 109-10. And in Zwitserse, the court
stressed that the party invoking arbitration had commenced and

18

fully completed a foreign preliminary hearing proceeding in which a record of discovery was created and misled the opponent into believing that litigation would follow, but sought arbitration instead.

Tellingly, the PPG Court, while acknowledging that through discovery in litigation the defendant had obtained substantial information beneficial to its counterclaims that it may not have been able to acquire through arbitration, made three observations relevant to this Court's determination here.   First, the Circuit Court essentially endorsed the Leadertex factor that there is no sufficient showing of prejudice where there is no indication of what specific information would have been unavailable in arbitration.   See 128 F.3d at 109 ("[The party invoking arbitration] has not specified ... what portion of the foregoing information ultimately would be unavailable in the arbitral forum.") (citing Leadertex, 67 F.3d at 26).   Second, the court declined to decide "whether the amount of discovery, by itself, is sufficient to establish prejudice in this case." Id. at 110. Third, to the extent the taking of discovery was a relevant consideration in PPG, it stemmed from the unique circumstances of two related cases consolidated and litigated together.   In that event, the Circuit Court noted that waiver occurs where one party "avails itself of judicial resources in one action,

19

then attempts to compel arbitration in a second action involving the same facts and legal issues." Id.; see also Doctors Assocs., 107 F.3d at 134.

Applying the doctrine of these cases properly read to the circumstances of the action at hand, the Court finds several considerations compelling in support of a determination that no waiver of arbitration has occurred: (1) Defendants have not demonstrated what specific information Levey has obtained through litigation that he would not be able to acquire through an arbitration proceeding and how use of that information in arbitration would unfairly prejudice Defendants; (2) whatever information Levey has obtained in discovery he now possesses not because he invoked judicial resources to obtain such discovery and information to later gain an advantage in the arbitration he seeks; rather, it was Brownstone that commenced court litigation and insisted on pursuing the expedited discovery about which Defendants now raise objections; (3) the proceedings in this Court have not yet sufficiently advanced to a point at which Levey has improperly availed himself of judicial resources -- in delay, expense, or change in the position of the Defendants -- to cross the threshold of inherent unfairness to Defendants.

The preceding analysis recognizes certain realities and practicalities of litigation, illustrated by the case at hand,

20

that Brownstone's argument ignores.  It is not highly unusual for parties to engage in substantial discovery through depositions, document requests, or subpoenas before one of them invokes a contractual right to arbitrate the claims at issue.  Conceivably, the party seeking arbitration may legitimately be unaware, as Levey claims here, that the dispute is arbitrable and may determine that it is so only after substantial litigation has occurred.  Or, a complaint may allege both arbitratable and non-arbitrable claims, so the parties may litigate until the point at which such claims may be properly separated.  See Rush, 779 F.2d at 888, 889.  If the mere use of discovery procedures not available in arbitration were enough by itself to constitute reason for a finding of sufficient prejudice, in most cases it would result in a virtually automatic waiver of arbitration, regardless of the content, materiality, or demonstrable prejudice associated with the information so acquired.[1]

The Court also finds no merit in Naylor's separate objections alleging prejudice because this Court dismissed

---

[1] The Court is also mindful of the realities of modern arbitration.  Even if the NASD rules, as Brownstone asserts, do not specifically provide for depositions, interrogatories, requests for admissions, and other means of obtaining discovery that are available in litigation, there is no indication that the rules necessarily preclude such procedures, or that the restriction could not be waived.  In this regard, the Court recognizes that, more and more, arbitration proceedings are being procedurally transformed into mirror images of litigation.  See Odfjell ASA v. Celanese AG, 328 F. Supp. 2d 505, 507 (S.D.N.Y. 2004); see also Fairchild Corp. v. Alcoa, Inc., No. 07 Civ. 6185 (VM), (S.D.N.Y. Sept. 14, 2007), slip op. at 34-41 (citing cases and other authorities).

Levey's claims of fraud against him, and asserting that if the case remained in this Court Levey would require leave to file an amended complaint. These arguments were properly addressed by Magistrate Judge Pitman's observation that the Court's dismissal of the claim against Naylor was granted without prejudice, leaving Levey free to file a new action should he decide to reinstitute litigation against Naylor.

The Court has reviewed the other arguments made by Brownstone and Naylor and finds no merit in them. Accordingly, for substantially the reasons set forth in the Report and further elaborated in this decision, the Court adopts the Report's recommendation in its entirety.

## IV. **ORDER**

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Henry B. Pitman dated June 12, 2007 (Docket No. 83) is adopted in its entirety, and the motion (Docket No. 72) of defendant and counterclaim/third-party plaintiff, Gordon Levey, to stay this action and compel arbitration is GRANTED.

The Clerk of Court is directed to close this case, subject to its being reopened for the purpose of any additional action necessary following the arbitration proceedings referred to above.

**SO ORDERED.**

Dated:      NEW YORK, NEW YORK
            17 September 2007

Victor Marrero
U.S.D.J.